On appellant's petition for attorney fees filed February 28, petition for attorney fees denied; costs and disbursements awarded August 9, 1989

In the Matter of the Marriage of

ELLIOTT,
*Respondent,*
*and*
ELLIOTT,
*Appellant.*

(D7811-18437; CA A48568)

777 P2d 424

Jack L. Kennedy, Susan E. Watts, and Kennedy, King & Zimmer, Portland, for petition.

Jeffrey S. Matthews, and Gevurtz, Menashe & Hergert, Portland, *contra.*

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

We write for the purpose of clarifying our practice regarding the award of attorney fees in domestic relations cases. The specific question, which we raise on our initiative, is whether wife should be denied attorney fees, even though we stated in the opinion that she is entitled to "costs."

The appeal was from a modification order that reduced husband's spousal support obligation from $1,850 per month to $925 per month. We agreed with the trial court that there had been a material change in circumstances justifying a reduction in the amount of spousal support, but we determined, on *de novo* review, that wife's support should be fixed at $1,500 per month. 95 Or App 390, 768 P2d 446 (1989). The dispositional statement[1] reads: "Decree modified to fix wife's support at $1,500 per month, effective May 10, 1988; affirmed as modified. Costs to wife."

Wife timely petitioned for attorney fees and filed a statement of costs and disbursements. ORS 107.105(5).[2] Husband filed timely objections, both as to the amount of attorney fees claimed and as to the inclusion in her claim of certain out-of-pocket expenses.[3] He did not claim that wife should not be awarded any attorney fees at all.

Wife's petition called to our attention the fact that we did not intend to award her attorney fees. As a matter of practice in cases that are subject to ORS 107.105(5), when we initially decide not to award attorney fees, even though we award costs in the case, we have so indicated by specifically

---

[1] The dispositional statement is the portion of a decision stating the court's disposition of the matter before it. "Reversed," "affirmed," and "affirmed as modified" are typical examples. The statement is found at the end of the opinion and at the end of the title page.

[2] ORS 107.105(5) provides that we *may* award attorney fees as a part of costs:

"If an appeal is taken from the decree or other appealable order in a suit for annulment or dissolution of a marriage or for separation, and the appellate court awards costs and disbursements to a party, it may also award to that party, as part of the costs, such additional sum of money as it may adjudge reasonable as an attorney fee on the appeal."

*See also* ORS 107.445.

[3] The out-of-pocket expenses do not include costs claimed in wife's separately filed statement of costs and disbursements. Husband's objection to the expenses is sustained by the denial of the petition for attorney fees.

excepting attorney fees from the award of costs in the dispositional statement. Through inadvertence, we did not do that in this instance. Nonetheless, we are not bound to award fees.

Wife has petitioned for attorney fees in the amount of $5,316. Notwithstanding husband's failure to object on the basis that wife should not be awarded attorney fees at all, and our failure to exclude attorney fees from the award of costs, this is not an appropriate case for awarding attorney fees. Accordingly, we deny the petition.

Wife filed a separate statement of costs and disbursements. Husband filed no objection to that.

Petition for attorney fees denied; costs and disbursements awarded in the amount of $620.13.